**Amelia Mar. Group Ltd. v Integr8 Fuels Am. LLC**

2024 NY Slip Op 33075(U)

September 3, 2024

Supreme Court, New York County

Docket Number: Index No. 152882/2024

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

AMELIA MARITIME GROUP LTD.,

                        Plaintiff,

                - v -

INTEGR8 FUELS AMERICA LLC, INTEGR8 FUELS INC.

                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152882/2024 |
| **MOTION DATE** | 05/31/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 16, 17, 18

were read on this motion to                    DISMISS                  .

In this action, Plaintiff Amelia Maritime Group Ltd. ("Amelia" or "Plaintiff") seeks recovery for damages arising from the allegedly wrongful arrest of its motor vessel, AUZONIA, in the UAE.  Defendants Integr8 Fuels America LLC ("Integr8 America") and Integr8 Fuels Inc. ("Integr8 Fuels") (collectively, "Defendants") move to dismiss the Complaint filed by Plaintiff pursuant to CPLR §§3211 (a)(7) and (a)(8) and CPLR §327 for failure to state a claim, lack of personal jurisdiction, and on the grounds of *forum non conveniens*.  For the following reasons, Defendants' motion is granted.

## BACKGROUND

Plaintiff commenced this action by filing a Summons and Complaint on March 28, 2024 (NYSCEF 1 ["Compl."]) seeking relief on its claims for (1) "judgment piercing the veil" declaring Integr8 America jointly and/or severally liable for damages purportedly owed by Integr8 Fuels to Amelia; (2) tortious interference; and (3) conversion.

**152882/2024   AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**
**Motion No.  001**

**Page 1 of 7**

1 of 7

According to the Complaint, Amelia is a foreign corporation organized and existing under the laws of the Republic of Liberia (*id.* ¶1). Plaintiff alleges that upon information and belief, Integr8 America is a company duly registered to do business in the state of New York with offices at 230 Park Ave., 4th Fl., Ste 435, New York, NY 10169, and that Integr8 Fuels is a company duly registered under the laws of the Marshall Islands, and upon information and belief, with offices located at the same address as Integr8 America in New York (*id.* ¶¶2, 3).

As relevant here, on November 28, 2021, Integr8 Fuels arrested the vessel in question (the "Vessel") in Rotterdam to recover on its claim regarding an unpaid shipment of marine fuel oil pursuant to a contract between Integr8 Fuels and the Vessel's prior owner, Harmony Innovation Shipping Ltd. ("Harmony") (*id.* ¶¶6, 16). According to the Complaint, the Court in Rotterdam ruled the arrest was wrongful under US law and Integr8 was found liable to reimburse Amelia for its legal fees incurred in defending the arrest (*id.* ¶17).

On November 19, 2022, Integr8 Fuels again arrested the Vessel in the United Arab Emirates (UAE) while the Vessel was undergoing repairs (*id.* ¶18). Plaintiff alleges that the arrest caused the shipyard to stop working on repairs to the Vessel, resulting in a delay in getting the Vessel back to work, and caused further losses to Amelia in the form of loss of hire and fuel consumed while the Vessel was under arrest (*id.* ¶¶19, 20). To release the Vessel in a timely manner so repairs could continue, Amelia was forced to post cash security in the sum of US $209,410 (*id.* ¶21).

On November 25, 2022, Integr8 Fuels demanded arbitration in New York against Amelia claiming that Amelia was responsible to pay for the disputed marine fuel oil (*id.* ¶23).[1] On

---

[1] According to the Complaint, the contract between Harmony and Integr8 Fuels provides for application of "the federal maritime law of the United States or, should no such law exist on any

**152882/2024   AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**   Page 2 of 7
**Motion No.  001**

2 of 7

December 5, 2022, Amelia filed a petition in the U.S. District Court for the Southern District of New York seeking injunctive relief to enjoin the arbitration and further seeking a declaratory judgment that Integr8 Fuels had no *in personam* claim against Amelia (*id.* ¶24). The case was dismissed on March 31, 2023, with Integr8 Fuels stipulating that it would not demand arbitration against Amelia in the future or maintain that there is an agreement to arbitrate between Amelia and Integr8 Fuels (*id.* ¶26). In December 2023, the UAE Supreme Court dismissed Integr8 Fuels' claim as against Amelia (*id.* ¶27).

Amelia alleges that as a result of Integr8 Fuel's wrongful arrest of the vessel in the UAE, Amelia has incurred damages in the amount of US $983,966.00 (*id.* ¶28).

## DISCUSSION

"[T]he party opposing a motion to dismiss based on personal jurisdiction need not establish that there is personal jurisdiction. Rather, it need only make a 'sufficient start' in demonstrating, prima facie, the existence of personal jurisdiction, since facts relevant to this determination are frequently in the exclusive control of the opposing party and will only be uncovered during discovery" (*Matter of James v iFinex, Inc.*, 185 AD3d 22, 30 [1st Dept 2020]).

There are two types of personal jurisdiction which the courts can assert over a defendant: general jurisdiction and specific conduct-linked jurisdiction (*see Daimler AG v Bauman*, 571 US 117, 122 [2014]; *Qudsi v Larios*, 173 AD3d 920, 922 [2d Dept 2019]). Here, Plaintiff argues that the Court has general jurisdiction over Integr8 America. It also appears that Plaintiff is asserting personal jurisdiction over Integr8 Fuels via its purported "alter ego" relationship with Integr8 America.

---

particular issue, the laws of the State of New York", and arbitration in the City of New York (Compl. ¶7).

**152882/2024   AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**          **Page 3 of 7**
**Motion No.  001**

3 of 7

## A. General Jurisdiction

Courts may exercise general jurisdiction over a foreign corporate defendant either in the forum where the corporation is incorporated or has its principal place of business, or in an "exceptional case" where the corporation's ties with the forum are so constant and pervasive "as to render [it] essentially home in the forum State" (*Daimler*, 571 US at 122).

Defendant asserts, through the affidavit of Johnathan Keats (Manager of Intergr8 America and Director and Secretary of Intergr8 Fuel) that Integr8 America is a Delaware limited liability company and that Integr8 Fuels is registered in the Marshall Islands, and that both entities have different parent companies (NYSCEF 8 ["Keats Aff"] ¶6-9). Mr. Keats further submits that Integr8 America has three trading offices in the United States – Houston (which currently has five employees), New York (which currently has a single employee) and Orlando (which currently does not have any employees) (Keats Aff ¶8). According to Mr. Keats, the main locations in which marine fuel oil deals are identified and brokered are Singapore, the United Arab Emirates and Europe, and as it relates to three Integr8 America trading offices, the New York office accounted for only 7.8% of all trades by value in Integr8's fiscal year 2022/2023 (ending 31 March 2023) and 0.77% of all trades by value in Integr8's fiscal year 2023/2024 (ending 31 March 2024) (Keats Aff ¶11, 13). There is no indication in the record that either Integr8 America or Integr8 Fuels is incorporated or has its principal place of business in New York.

In response, Plaintiff argues that Integr8 America is subject to general jurisdiction because Integr8 America is authorized to do business in New York and appointed the Secretary of State as its registered agent to accept service on its behalf. However, the Court of Appeals has made clear that "a foreign corporation's registration to do business and designation of an agent

**152882/2024  AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**  **Page 4 of 7**
**Motion No.  001**

4 of 7

for service of process in New York does not constitute consent to general jurisdiction under the Business Corporation Law's plain terms" (*Aybar v Aybar*, 37 NY3d 274, 283 [2021]).

Plaintiff's reliance on the U.S. Supreme Court's recent decision in *Mallory v Norfolk S. Ry.* (600 US 122, 133 [2023]), is misplaced. The Court in that case found that when a state (there, Pennsylvania) enacts a statute that permits a foreign corporation to register to do business on the condition that it consents to jurisdiction based on such registration, such consent is sufficient to meet the due process requirement of personal jurisdiction. That case is inapplicable here because New York's Business Corporation Law's statutes do not contain any language mandating consent to jurisdiction in New York courts as a condition for conducting business in the State (*Amelius v Grand Imperial LLC*, 57 Misc 3d 835, 852 [Sup Ct, NY County 2017]; *see Practice Commentaries*, CPLR 301:8 [McKinney's 2023] ["In light of *Aybar*, the only way New York can take advantage of *Mallory* is if the Legislature adopts, and the Governor signs, a bill that explicitly says something along the following lines: a corporation's obtaining of authorization to do business in New York 'constitutes consent to the jurisdiction of the courts of this state for all actions against such corporation'"]); *Pace v Cirrus Design Corp.*, 93 F 4th 879, 899 [5th Cir 2024] ["*Mallory* analyzes what a state *may* require; we still must examine the state law to find what it *does* require"]; *Tyco Fire Prods. LP v AIU Ins. Co.* 2023 US Dist LEXIS 186237, at *25 [DSC 2023] ["[T]he Supreme Court's ruling in *Mallory* is limited to the situation where a state's business registration statute provides that a foreign corporation must consent to personal jurisdiction within the state as a condition of doing business"]).

In sum, Plaintiff's argument that authorization to do business in New York is sufficient for jurisdictional purposes fails. And while Mr. Keat's affidavit does confirm that Intregr8 America does transact some business in the State, there are no allegations suggesting that such

**152882/2024  AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**          **Page 5 of 7**
**Motion No.  001**

5 of 7

business is so constant and pervasive "as to render [Integr8 America] essentially home in the forum State." Plaintiff has failed to make a sufficient start to demonstrate a basis for general jurisdiction over Integr8 America. Accordingly, since Plaintiff had not demonstrated general jurisdiction over Integr8 America, Plaintiff's apparent argument that Integr8 Fuel is subject to personal jurisdiction as an "alter ego" of Integr8 America likewise fails.

## B. Specific Jurisdiction

It does not appear that Plaintiff has made any specific jurisdiction arguments, but even if Plaintiff had, the required New York nexus is still not present (*Walden v Fiore*, 571 US 277 [2014]). The allegedly wrongful arrests on which Plaintiff bases its lawsuit were carried out in the Netherlands and the UAE, and the marine fuel oil supply took place in Thailand (Compl. ¶8). The sole connection to New York is that Integr8 America maintains a trading office in New York with one fuel oil trader (*see* Keats Aff. at ¶8), but this allegation, standing alone, fails to make any *litigation*-specific connection to New York as a forum state for jurisdiction over the instant dispute between these parties.

Given these findings, the Court need not address Defendants' remaining arguments relating to *forum non conveniens* and failure to state a claim. Plaintiff's request for jurisdictional discovery and leave to replead is denied.

Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss the Complaint is **GRANTED**, and the Complaint is dismissed for lack of personal jurisdiction, and the Clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

This constitutes the decision and order of the Court.

**152882/2024   AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL**                **Page 6 of 7**
**Motion No.  001**

6 of 7

20240903141448JMCOHENF3FA2B65578A4E22ABD8C4ECF62F4903

| 9/3/2024 | |
|---|---|
| **DATE** | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☒ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

152882/2024   AMELIA MARITIME GROUP LTD. vs. INTEGR8 FUELS AMERICA LLC ET AL      Page 7 of 7
Motion No.  001

7 of 7